UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>RYAN MILLER, )<br>DUSTEN JAMES MILLER, and )<br>LATOYA MONIQUE JAMES, )<br>)<br>)<br>Defendants )<br>)<br>_____) | Criminal No. 16-40026-TSH |

**ORDER ON PARTLY-OPPOSED MOTION TO EXCLUDE TIME
AND ON RYAN MILLER'S MOTION FOR A SPEEDY TRIAL**

September 23, 2016

Hennessy, M.J.

The Defendants are named in a superseding indictment, which charges some or all Defendants with Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §1956(h), Conspiracy to Commit Identity Theft, in violation of 18 U.S.C. § 1028(f), and Bank Fraud, in violation of 18 U.S.C. § 1344. Defendant Ryan Miller was arraigned on the superseding indictment on July 21, 2016, the date he was produced in this district from Terre Haute, Indiana, where he is serving a federal jail sentence. His co-defendants, Dusten James Miller and Latoya Monique James, have previously appeared, and have been arraigned.

On July 22, 2016, I set September 22, 2016 as the date for a Status Conference as to all Defendants and excluded the time. See Docket Nos. 54 and 57. On September 16, Defendant Latoya James moved to continue the Status Conference to October 27, 2016 because her attorney,

1

Joan Fund, was scheduled to be on trial in this court in another criminal case. See Docket 65. The motion noted that the United States, and Dusten James Miller assented to the motion, and that Ryan Miller opposed the continuance. Id. On September 21, 2016, Ryan Miller filed a motion for a speedy trial within 70 days of that date, and for a Rule 12 motion schedule. See Docket No. 70. Given Ryan Miller's opposition to the motion to continue, I granted Defendant James' motion to continue, but limited the continuance to October 3, 2016. See Docket No. 68. Thereafter, the United States filed a motion to exclude the period of the continuance in the interests of justice under the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., noting the assent of Latoya James and Dusten James Miller, and offering that the continuance was necessary to allow the United States to produce additional discovery and for Defendants to review all discovery in the case. See Docket No. 71. Defendant Ryan Miller filed an opposition to the motion, failing to offer any reason for his opposition. See Docket No. 72.

**Motion to Exclude the Continuance**

The motion to exclude the period of the continuance, from Thursday, September 22, 2016 through Monday, October 3, 2016 (the new date of the Initial Status Conference as to Defendant Ryan Miller, and the date of the Interim Status Conference as to his co-defendants), is ALLOWED. As to defendants Latoya James and Dusten James Miller, I exclude this time pursuant to the provisions of 18 U.S.C. § 3161(h)(7)(A) because I find that the ends of justice served by taking such action outweigh the best interest of the public and Defendants in a speedy trial. Specifically, in accordance with Local Rule 112.2( c) of the Local Rules of the United States District Court for the District of Massachusetts (2016), I find that the United States will need this period to complete its production of discovery, and for the co-Defendants to review discovery and consider the need for discovery requests and pre-trial motions. I further find that to not grant such a continuance

would deny both the United States and the co-Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Moreover, as to Defendant Latoya James, I find that the failure to grant the continuance would deny her continuity of counsel.

As to Defendant Ryan Miller, I grant the motion to exclude the period of this continuance over his objection pursuant to 18 U.S.C. § 3161(h)(6), which allows for a reasonable period of delay when defendant is joined for trial with co-defendants, as Ryan Miller is here, as to whom the speedy trial clock has not run.  The period of the continuance is reasonable given the unavailability of Defendant James' attorney because of another criminal trial, and the fact that the continuance is nearly four weeks shorter than the continuance requested.  In addition, I find Defendant Ryan Miller's opposition fails to comply with Local Rule 7.1, insofar as it offers no reasons or authorities explaining why the motion should be denied.  See Local Rule 7.1(b)(2).  Indeed, since it appears that the government's production of discovery in this case is not yet complete, Defendant Ryan Miller's opposition is puzzling.[1]

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen (14) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any position thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health & Human Servs., 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140 (1985).

**Motion for Speedy Trial**

Defendant Ryan Miller's motion for a speedy trial is denied without prejudice. The court will take up at the October 3, 2016 status conference when the case can be transferred to District Judge Hillman for trial. Defendants are also directed to report when they can be ready for trial and what dispositive motions they expect to file so that this court can set a motions schedule. Defendant Ryan Miller is reminded of his obligation in filing a motion to comply with Local Rule 7.1(a)(2), or, as the United States and Latoya James have done, to set forth the position of the other parties with respect to such motions, thereby signaling that a conference was held in an attempt to resolve the matter in good faith.

    / s / David H. Hennessy
David H. Hennessy
United States Magistrate Judge