UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>) Docket No. 16-40026-TSH<br>RYAN MILLER and )<br>DUSTEN JAMES MILLER, )<br>)<br>Defendants. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT RYAN MILLER'S MOTION TO DISMISS UNDER THE SPEEDY TRIAL ACT**

On May 19, 2017, defendant Ryan Miller ("Ryan") filed a motion to dismiss the Second Superseding Indictment pursuant to the Sixth Amendment of the Constitution and the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* For the reasons described in this Response, the reasons described in the Government's Motion to Exclude Time (D. 190), and the reasons described in the Government's Response to Defendant Ryan Miller's Motion for a Speedy Trial (D. 98),[1] Ryan's motion should be denied.

I. **Procedural History**

On May 11, 2016, defendants Dusten James Miller ("Dusten") and Latoya Monique James ("James") were arrested in Chicago on a criminal complaint in the instant case. (D. 4). On June 9, 2016, the federal grand jury sitting in Worcester, Massachusetts issued a four-count indictment charging Ryan, Dusten, and James with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and conspiracy to commit money laundering, in violation of 18 U.S.C. §

---

[1] The Government's Motion to Exclude Time (D. 190) and the Government's Response to Defendant Ryan Miller's Motion for a Speedy Trial (D. 98) are incorporated by reference herein.

1

1956(h). The indictment additionally charged Ryan and Dusten with conspiracy to commit identity theft, in violation of 18 U.S.C. § 1028(f), and Ryan individually with bank fraud, in violation of 18 U.S.C. § 1344. (D. 15).[2] On that same date, June 9, 2016, James made her initial appearance in this district and was arraigned on the indictment. (D. 19).

On June 15, 2016, the grand jury issued the Superseding Indictment in this matter.[3] (D. 27). On June 17, 2016, Dusten made his initial appearance in this district and was arraigned on the Superseding Indictment. (D. 32). On July 21, 2016, Ryan made his initial appearance in this case and was arraigned on the Superseding Indictment. (D. 50).[4]

The magistrate court scheduled an initial status conference for July 22, 2016 for Dusten and James, and excluded the time from June 9, 2016 – the date that James was arraigned on the original indictment – through the July 22, 2016 initial status conference pursuant to 18 U.S.C. § 3161(h)(7)(A) to allow the parties to produce and review automatic discovery. (D. 23).

In response to a joint submission of the parties, the magistrate court canceled the July 22, 2016 initial status conference and set an interim conference date of September 22, 2016. (D.56). The Court scheduled Ryan's initial status conference for that same date. (D. 50). With the

---

[2] In short, the Indictment alleged that from 2014 until 2016, the defendants conspired to use numerous victims' identities in a complex scheme in which they posed as the buyers and sellers of recreational airplanes in order to apply for and obtain airplane loans from various banks throughout the United States, including Commerce Bank in Worcester. The defendants laundered the proceeds of the fraud through numerous bank accounts opened in the names of shell corporations and/or the names of the victims of the identity theft, and by purchasing expensive automobiles.

[3] The Superseding Indictment corrected minor factual errors but did not add anything of substance to the original indictment.

[4] At the time, Ryan was (and is currently) serving a five-year federal prison sentence for fraud and aggravated identity theft convictions out of the Northern District of Illinois. As Ryan was the last person to be arraigned on the Superseding Indictment in this case, the speedy trial clock began, at the earliest, on July 22, 2016. *See infra* at Section II.

consent of the parties, the magistrate court excluded the time through September 22, 2016 pursuant to 18 U.S.C. § 3161(h)(7)(A) in order to allow the parties to continue the production and review of discovery. (D. 57).   To that end, on July 28, 2016 and August 19, 2016, the government produced approximately 5,800 and 5,600 pages of automatic discovery, respectively. In addition, on August 4, 2016, James was arraigned on the Superseding Indictment. (D. 59).

On September 20, 2016, the magistrate court granted James' motion to continue the September 22, 2016 status conference and rescheduled the interim status conference for October 3, 2016. (D. 69).   On September 21, Ryan filed his first motion for a speedy trial. (D. 70).   As the Speedy Trial Act excludes "a reasonable period of time when the defendant is joined for trial with a codefendant," and no motion for severance had been filed or granted, *see* 18 U.S.C. § 3161(h)(6), the magistrate court excluded the time from September 22, 2016 until the October 3, 2016 interim status conference over Ryan's objection (and with the consent of the other parties), and denied Ryan's motion for a speedy trial without prejudice. (D. 73).[5]

At the October 3, 2016 status conference, the government informed the magistrate court that it had produced more than 11,000 pages of discovery and anticipated producing additional discovery in the coming weeks. (D. 74, 75).   Dusten and James agreed that they needed additional time to review the discovery previously produced and that the magistrate should exclude the time until the next status conference under the Speedy Trial Act. *Id.*   Ryan did not assent. *Id.* Nonetheless, the magistrate court properly excluded the time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(6) and (h)(7)(A), and set a further status conference for November 10, 2016. (D. 76, 77).   In the interim, on October 14, 2016, the government produced approximately 7,200 pages

---

[5] The magistrate court also excluded the time pursuant to 18 U.S.C. § 3161(h)(7)(A) to allow the parties to continue to produce and review discovery and consider the need for pre-trial motions.

of supplemental automatic discovery to the defendants.

On October 31, 2016, Ryan filed a motion to represent himself in the instant case. (D. 80). After a hearing on November 8, 2016, the magistrate court granted Ryan's motion. (D. 83). The following day, November 9, 2016, the government, Dusten, and James filed a joint status report advising the Court that the government had produced more than 19,000 pages of discovery (to date) and that, notwithstanding additional discovery requests and criminal record information, automatic discovery was complete. (D. 82). Dusten and James requested additional time to review the discovery and agreed to exclude that time under the Speedy Trial Act until the next status conference. *Id.* The magistrate court set a further status conference for December 16, 2016 and excluded the time until that date pursuant to 18 U.S.C. § 3161(h)(7)(A) to allow the parties to complete discovery and consider whether additional discovery requests and pre-trial motions were needed. (D. 87, 88). In addition, the magistrate court ordered that the defendants serve all discovery requests on the government by December 12, 2016. (D. 87).

On November 10, 2016, Dusten sent the government a request for additional discovery pursuant to the magistrate court's order. On November 23, 2016, the government responded to Dusten's request – copying all defendants, including Ryan – and agreed to provide significant additional discovery related to evidence that FBI seized from the residence of Dusten and James during execution of a search warrant on May 11, 2016.[6] In order to do so, the government requested that Dusten and James each provide the government with a two terabyte hard drive (because the imaged copies were too large to fit on a traditional thumb drive or disk). Miller and James provided those devices and the government produced the requested materials on or about

---

[6] That evidence included, but was not limited to, imaged copies of the computers, phones and SIM cards, along with additional FBI extraction reports and information regarding those devices.

December 21, 2016.[7]

In the interim, on December 2, 2016, Ryan filed his second motion for a speedy trial, seeking both a Rule 12 motion schedule and a trial within seventy days of the date of his motion. (D. 92). On December 12, 2016, Ryan filed a motion to compel discovery. (D. 95). The magistrate court denied both motions after a hearing on December 16, 2016, as described *infra*. (D. 103). The government, however, agreed to treat Ryan's motion to compel discovery as a discovery request and responded accordingly, providing additional discovery on December 21, 2016. (D. 107).

On December 15, 2016, the government, Dusten and James filed a joint status report in advance of the December 16, 2016 status conference. In that report, the government represented that it expected to produce several hundred additional documents in January 2017, as the investigation in the case was ongoing (*i.e.*, not automatic discovery, but voluntary, supplemental discovery). (D. 97). The government, Miller, and James sought a further status conference in January and asked the Court to exclude the time until that date. *Id*. At the status conference on December 16, 2016,[8] the Court denied Ryan's second motion for a speedy trial[9] and his motion

---

[7] As Ryan could not provide the government with a two terabyte hard drive, the government produced what it could (*i.e.*, all but the imaged computers) on a thumb drive to the Wyatt Detention Center and made the remainder of the items (the computers) available for review at the U.S. Attorney's Office. The government suggested that Ryan request funds to hire an expert to assist him in reviewing the computers at the U.S. Attorney's Office, and agreed to assist Ryan in that process. (D. 108). To date, Ryan has not requested to review the computers or sought funds to hire an expert to do so.

[8] While the docket entry for this event is dated 12/19/2016, the magistrate court's report states that the status conference was held on 12/16/2016. (D. 105 at 1).

[9] On January 3, 2017, Ryan filed a motion for reconsideration of this decision; the magistrate court denied that motion on February 10, 2017.

to compel discovery and set a Rule 12 motion deadline of February 10, 2017. (D. 103, 104). The Court – with the agreement of all parties, *including Ryan* – excluded the time from December 16, 2016 through February 10, 2017, the date of the final status conference pursuant to 18 U.S.C. § 3161(h)(7)(A). (D. 105).

On February 10, 2017, the magistrate court held the final status conference. Following that conference – and with the consent of all parties, *including Ryan* – the magistrate court scheduled the initial status conference with the district court for March 13, 2017, and excluded the time until that date as a result of the pending motions[10] and to allow the government the opportunity to produce additional discovery and the defendants to review such discovery. (D. 120). The magistrate court noted that, as of February 10, 2017, no time had elapsed from the Speedy Trial clock. (*Id.* at 4).[11]

On February 14, 2017, the government produced approximately 800 pages of supplemental discovery to the defendants. On March 13, 2017, this Court held oral argument on Ryan's motion to dismiss the Superseding Indictment. At that hearing, the Court orally excluded the time until the date of the next status conference, March 20, 2017.[12] In addition, as Ryan's motion to dismiss the Superseding Indictment was still pending, the time was excluded pursuant to 18 U.S.C. § 3161(h)(1)(D).[13]

---

[10] On February 3, 2017, Ryan filed a motion to dismiss the Superseding Indictment and Miller filed a second motion to reopen his detention hearing. (D. 113, 114).

[11] The magistrate court also noted that the government indicated an intent to file a Second Superseding Indictment by, at the earliest, the end of March 2017.

[12] This exclusion of time is reflected on the docket, although not in a separate order.

[13] The Court denied Ryan's motion to dismiss the Superseding Indictment on March 24, 2017 and Ryan has filed an appeal of that decision which is pending before the First Circuit Court of Appeals.

On March 20, 2017, this Court held a further status conference and set a trial date of May 31, 2017 (for jury empanelment) and June 5, 2017 (for the start of testimony). (D. 144).[14] The Court orally excluded[15] the time from March 20, 2017 through May 31, 2017 under the Speedy Trial Act to allow the parties to prepare for trial. Neither the government nor Dusten objected to this exclusion of time.[16] On March 29, 2017, the government produced approximately 18,000 pages of supplemental discovery to the defendants. (D. 152).[17]

In addition to the Court's exclusion of time to allow the parties to prepare for trial, several motions were pending between March 20, 2017 and May 31, 2017 that tolled the speedy trial clock. For instance, Ryan's motion to dismiss the Superseding Indictment was pending until March 24, 2017. On March 22, 2017, Dusten's counsel filed a motion to withdraw. On April 5, 2017, the Court allowed the motion but required Dusten's counsel to remain as stand-by counsel. (D. 156). On that same day, April 5, 2017, Dusten filed a motion to dismiss the Superseding Indictment. (D. 157). This Court denied that motion on April 6, 2017 without a hearing. (D. 159). On April 20,

---

[14] Due to phone difficulties at the Wyatt Detention Center, Ryan was not present at this conference. As a result, on April 24, 2017, Ryan filed an objection and motion to strike that conference. (D. 167). In that filing, Ryan objected to the fact that the Court held the March 20 status conference in his absence, and requested that the Court "strike or void – March 20, 2017 – telephone conference (including the pretrial filing deadline and the scheduled jury trial date) and, schedule a similar proceeding with [all] parties present." *Id*. While the Court has not yet ruled on that objection/motion, it is, effectively, moot, as the Court has set new pre-trial filing deadlines and a new jury trial date after hearing argument on the matter from all parties, including Ryan.

[15] While the docket reflects the Court's exclusion of the time, the government expects to file a motion requesting that the Court formally issue a written order excluding the time for the reasons stated on the record.

[16] On March 23, 2017, James pled guilty to the Superseding Indictment.

[17] Nearly all of that production consisted of emails which had been previously produced but which were being produced in a format that was easier for the defendants to review.

2017,[18] Dusten filed a motion to extend time, memorializing his oral request (at a hearing on April 20, 2017) for a six-week extension to file pre-trial motions because, in essence, he needed more time to review the discovery produced to date by the government. (D. 164). On that same date, April 20, 2017, the government produced approximately 14,000 pages of discovery (approximately 11,000 of which were duplicates of previously produced emails). (D. 165). On April 24, 2017, Ryan filed a motion to stay the trial pending his appeal of the Court's denial of his motion to dismiss the Superseding Indictment. The Court denied that motion on April 25, 2017. On April 26, 2017, Dusten filed a motion to extend the time in which to file Rule 12 dispositive motions. (D. 173).[19] On May 4, 2017, the Court granted that motion (and Miller's motion for additional time to file pre-trial motions) (D. 164, 173) and rescheduled the trial from May 31, 2017 (empanelment) to September 6, 2017, over the objection of the defendants.[20] On May 16, 2017, the government filed a motion to exclude the time between June 5, 2017 and September 6, 2017 (D. 190). The Court has not yet ruled on that motion. On May 19, 2017, Ryan filed the instant motion to dismiss the Second Superseding Indictment.

Based on the foregoing, seventy days currently remain on the Speedy Trial Clock.

---

[18] No motions were pending between April 7 and April 19, 2017.

[19] On April 27, 2017, the grand jury issued the Second Superseding Indictment. (D. 175). The Second Superseding Indictment expanded the scope of the bank fraud conspiracy against both defendants (adding two additional underlying bank frauds), and added substantive charges of money laundering and aggravated identity theft against Ryan. The magistrate court arraigned both defendants on the Second Superseding Indictment on May 3, 2017. (D. 183).

[20] The only pending motion between May 5 and May 15, 2017 was Ryan's objection and motion to strike the March 20, 2017 status conference, filed on April 24, 2017, as described in footnote 14. That motion has not been formally resolved.

## II. Argument

### A. There Has Been No Violation of the Speedy Trial Act.

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, requires that trial commence within 70 days of the filing of an indictment, or the first appearance of the defendant in the court where the charges are pending, whichever is later. 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded from the seventy-day time period including "reasonable delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6); *see also Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant."); *United States v. Casas*, 425 F.3d 23, 31 (1st Cir. 2005); *United States v. Barnes*, 251 F.3d 251, 257-58 (1st Cir. 2001) (recognizing that the Supreme Court has interpreted § 3161(h)(6) "to mean that when a joint trial is in prospect, the speedy trial clock seeks the longest span of time," relying on *Henderson*); *United States v. Santiago-Becerril*, 130 F.3d 11, 19 (1st Cir. 1997) (pretrial motion resulting in excludable time for one defendant tolls speedy trial clock for all defendants).

Furthermore, "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the seventy-day clock. 18 U.S.C. § 3161(h)(1)(D). Finally, "[a]ny period of delay resulting from a continuance *granted by any judge on his own motion* or at the request of the defendant or his counsel or at the request of the attorney for the Government . . . on the basis . . . that the ends of justice served by taking such action outweigh the best interest of the public and the defendant

9

in a speedy trial" is excluded from the speedy trial clock. 18 U.S.C. § 3161(h)(7)(A).[21]

Here, Ryan was properly joined with two codefendants – James and Dusten – in a four count Superseding Indictment charging multiple conspiracies to commit a series of bank frauds, money laundering and identity theft. *See* Fed. R. Crim. P. 8(b) (An "indictment . . . may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."). Likewise, after James pled guilty, Ryan was properly joined with Dusten in the Second Superseding Indictment. Ryan has not moved for or been granted a severance of his trial. Thus, any reasonable periods of excludable delay resulting from his co-defendants – as described in Section I above – also apply to Ryan, and the Court properly excluded that time.[22]

Similarly, for the reasons described in Section I, the magistrate court and this Court properly excluded various time periods due to pending motions or because the ends of justice served by taking such action – namely to allow the parties to continue to produce and review discovery and to prepare for trial – outweighed the interests of the public and the defendants in a speedy trial.

For each of these reasons, the magistrate court and this Court properly excluded the time

---

[21] The Court must set forth, either orally or in writing, its reasons for finding that the ends of justice served by granting the continuance outweigh the interests of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

[22] As described in Section I of this response, the co-defendants' requests for exclusion of time were reasonable. The speedy trial clock did not begin to run in this case until, at the earliest, July 22, 2016, when Ryan was arraigned on the Superseding Indictment. Thus, this case is not even one year old. During the last ten months, the government has produced more than 50,000 pages of documents as well as images of multiple computers and electronic devices. Ryan's co-defendants reasonably requested time to review these materials and to prepare for trial.

from June 9, 2016 through May 31, 2017. Accordingly, seventy days remain on the speedy trial clock and Ryan's motion to dismiss the Second Superseding Indictment under the Speedy Trial Act should be denied.

### B. There Has Been No Violation Of The Sixth Amendment

The Sixth Amendment to the United States Constitution states, in relevant part, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const., Art. VI. "Although unusual, it is possible for a delay that does not violate the STA [Speedy Trial Act] to run afoul of the Sixth Amendment's guarantee of a speedy trial." *Casas*, 425 F.3d at 33; 18 U.S.C. § 3173.

In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the Supreme Court identified four factors to be considered in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his speedy trial right; and (4) prejudice to the defendant caused by the delay. The Court must consider each of these four factors together with any other relevant circumstances. *Id.* at 533. None of the factors, standing alone, is either a necessary or sufficient condition to the determination of whether an individual's rights have been violated. *Id.* In the instant case, none of these four factors suggest that the alleged "delay" in this case runs afoul of Ryan's Sixth Amendment right to a "speedy and public trial."

As described above, the speedy trial clock in this case did not begin to run until, at the earliest, July 22, 2016. Pre-trial delay is not considered to be presumptively prejudicial until at least the one-year mark. *See Casas*, 425 F.3d at 33. Even then, such delay only triggers further inquiry into the other three factors. *Barker*, 407 U.S. at 530. Given the complex, document-intensive nature of this case, the presumption of prejudice after one year does not necessarily apply

here. As the Supreme Court explained:

> [B]ecause of the imprecision of the right to a speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of a case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge.....Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.

*See Barker*, 407 U.S. at 530-31.

Thus, the Court may end its Sixth Amendment inquiry here. But, even if the Court applies the one-year threshold to this case, the "delay" from arraignment to trial will be just over thirteen months – barely exceeding the one-year threshold. Given the complexity of this case and the fact that both remaining defendants have exercised their right to represent themselves, a thirteen-month delay from indictment to trial is hardly prejudicial.

Even if the Court considers the remaining three factors, they do not – on balance – even approach a constitutional violation. The second factor, known as the "focal inquiry," *Santiago-Becerril*, 130 F.3d at 22, considers the reasons for the delay. As described above, the thirteen-month alleged "delay" is the result of the government's timely and continuing production of over 50,000 pages of documents (and copies of multiple electronics) in a relatively complex case involving bank fraud, money laundering and identity theft. Moreover, on April 27, 2017, the government obtained a Second Superseding Indictment, adding additional allegations regarding the charged conspiracies and two new charges against Ryan. While the government produced some discovery related to the Second Superseding Indictment in advance, the defendants, including Ryan, require some time to consider the new allegations and charges against them.[23]

---

[23] In fact, as to the two new charges against Ryan in the Second Superseding Indictment, money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and aggravated identity theft, in violation of 18 U.S.C. § 1028A, the speedy trial clock resets. *See United States v. Thomas*, 726 F.3d 1086, 1089-1091

Factor two, therefore, does not weigh in favor of a Sixth Amendment violation.

The third factor, *i.e.* whether Ryan asserted his right to a speedy trial, "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531-32. Certainly, Ryan has asserted his rights to a speedy trial.[24] Those assertions, however, carry less gravitas when the alleged delay from indictment to trial – in a complex case with two *pro se* defendants – is only thirteen months, all of which was appropriately excluded under the Speedy Trial Act, as described in Section I and II(A) above. Thus, while this factor might ordinarily weigh in Ryan's favor, here is it marginalized.

The fourth and final factor – prejudice to the defendant – also weighs against Ryan. The Supreme Court has explained that the right to a speedy trial under the Sixth Amendment was designed: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused beyond that which normally occurs in any criminal prosecution, *see Santiago-Becerril*, 130 F.3d at 23; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. None of those interests are implicated here. Ryan is currently serving a sixty-month federal prison sentence for a conviction out of the Northern District of Illinois. He has served approximately twenty-seven months of that sentence. Thus, even if he were granted release pre-trial in this case, he would remain incarcerated at a Bureau of Prisons facility for, approximately, the next three years. Moreover, there is no indication that Ryan has suffered *additional* anxiety

---

(9th Cir. 2013) (concluding that "charges in a superseding indictment not required to be joined with the original charges come with a new seventy-day clock under the Speedy Trial Act."). As the government was not required to join the substantive money laundering and identity theft charges with the conspiracies to commit those offenses, *see Thomas*, 726 F.3d at 1091, the Speedy Trial Act for those offenses began on May 3, 2017, when Ryan was arraigned on the Second Superseding Indictment.

[24] This is Ryan's third motion for a speedy trial.

13

or concern as a result of the thirteen months he will wait for trial, or that his defense in this case has been impaired by the time that has elapsed so far.   To the contrary, the time that the defendants have been afforded to review the extensive (and often voluntary) discovery can only be helpful to the defendants' preparation of their defense.[25]   Likewise, the ability to consider and respond to the additional allegations and charges in the Second Superseding Indictment is beneficial to the defendants.[26]

For each of these reasons, Ryan's most recent motion to dismiss the indictment under the Speedy Trial Act and the Sixth Amendment should be denied.[27]

                                      Respectfully submitted,

                                      WILLIAM D. WEINREB
                                      ACTING UNITED STATES ATTORNEY

                          By:    /s/ Karin M. Bell
                                 Karin M. Bell
                                 Greg A. Friedholm
                                 Assistant U.S. Attorneys
                                 United States Attorney's Office
                                 595 Main Street, Suite 206
                                 Worcester, MA   01608
                                 Karin.Bell@usdoj.gov
                                 508-368-0106

Date: June 2, 2017

---

[25] Indeed, Ryan indicated to the Court during the last status conference that he would likely be asking the Court to appoint stand-by counsel in the near future.   Presumably, stand by counsel will also benefit from the relatively short continuance of the trial date.

[26] In fact, Dusten requested, and was granted, additional time to file Rule 12 motions regarding the Second Superseding Indictment.

[27] On June 1, 2017, Dusten filed a Motion for Speedy Trial Pursuant to the Speedy Trial Act. (D. 196). For all of the reasons described herein, Dusten has been granted a speedy trial pursuant to both the Speedy Trial Act, 18 U.S.C. §3161, *et seq.*, and the Sixth Amendment of the United States Constitution. His motion, therefore, should also be denied.

**CERTIFICATE OF SERVICE**

  I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be mailed to Ryan Miller and Dusten James Miller at the following address:

  Ryan Miller, Inmate Number 43184-424
  Dusten James Miller
  Wyatt Detention Facility
  950 High Street
  Central Falls, RI 02863

            /s/ Karin M. Bell
            Karin M. Bell
            Assistant U.S. Attorney

Date: June 2, 2017