UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Docket No. 16-40026-TSH |
| RYAN MILLER and ) | |
| DUSTEN JAMES MILLER ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT RYAN MILLER'S MOTION TO CONTINUE AND APPEAL OF THE MAGISTRATE JUDGE'S DECISION TO APPOINT STAND-BY COUNSEL**

On August 31, 2017, defendant Ryan Miller ("Ryan") filed a pro so motion to continue the trial for approximately six months, until March 2018. [Docket No. 260]. As grounds for that motion, Ryan argued that recently appointed stand-by counsel needed time to learn the case so that counsel could provide effective assistance. During a pre-trial conference on the same day, Ryan reiterated his motion for a continuance and, in addition, filed an appeal of the magistrate court's decision to award him stand-by counsel (as opposed to hybrid counsel). During the hearing, co-defendant Dusten Miller ("Dusten") stated that he did not oppose Ryan's motion for a continuance and that he intended to file another motion to dismiss the Third Superseding Indictment.[1] The Court took Ryan's motions under advisement. While the government is ready for trial on September 6, and recognizes the interest of the public and this Court in a speedy resolution of this case, for the reasons described herein, the government does not oppose Ryan Miller's motion for the appointment of hybrid counsel and, necessarily, a continuance of the

---

[1] This will be Dusten's fourth motion to dismiss the indictment in this case.

trial.[2]

## RELEVANT FACTUAL BACKGROUND

- On July 21, 2016, the magistrate court arraigned Ryan on the [then] superseding indictment and appointed CJA counsel to represent him. [Docket No. 50].

- On September 21, 2016, Ryan filed a motion for speedy trial. [Docket No. 70]. The magistrate court denied that motion on September 23, 2016. [Docket No. 73].

- On October 31, 2016, Ryan filed a motion to proceed pro se in this case. After a detailed *Faretta* warning, the magistrate court allowed the motion, finding that Ryan knowingly and voluntarily waived his Sixth Amendment right to counsel. [Docket No. 83].

- Between November 2016 and May 2017, Ryan filed numerous pro se, pre-trial motions including multiple motions for a Speedy Trial and to dismiss the indictment. Each motion was denied. [Docket Nos. 92, 103, 109, 193, 196, 202]

- On March 20, 2017, the Court scheduled the matter for trial on June 5, 2017. [Docket No. 144].

- At a hearing on April 20, 2017, Ryan reiterated his objection to any continuance of the then-June 5, 2017 trial date.

- At a hearing on May 3, 2017, Ryan informed the Court that he was likely to seek standby counsel. The Court offered to appoint standby counsel at that time. Ryan declined and informed the Court that he would likely file a motion in the next two weeks. [Docket No. 185].

- On May 4, 2017, the Court continued the trial in the interests of justice (over the defendants' objections) to the presently scheduled date of September 6, 2017.

- On July 28, 2017, the Court held a pre-trial conference. At that conference, the Court again asked Ryan whether he would be requesting the appointment of standby counsel. Ryan indicated that he intended to file a motion for stand-by counsel. The Court cautioned Ryan that he should not wait too long (more than, for instance, one week) because the Court would be unable to find counsel to step in given the complexity of the case.

---

[2] If the Court is inclined to grant such a continuance, the government would also suggest a February or March 2018 trial date, both to accommodate defense counsel's schedule and to prevent the government's out-of-state and international witnesses from traveling around the holidays.

- On August 7, 2017, Ryan filed a motion for appointment of counsel. As the motion did not specify whether Ryan sought the full services of counsel, hybrid counsel, or standby counsel, the Court scheduled a hearing. At that hearing, Ryan stated that he had filed the motion in error and withdrew it. [Docket No. 237].

- On August 17, 2017, Ryan filed a second motion for counsel, this time requesting that the court "appoint counsel for hybrid-representation." [Docket No. 248].

- On August 22, 2017, the magistrate court held a hearing on Ryan's motion, during which Ryan could not (or would not) articulate what function he wanted counsel to perform at trial. At the close of that hearing, the magistrate court conditionally granted Ryan's motion. Specifically, the magistrate court ordered:

    "This motion shall be treated as a motion to appoint standby counsel and is granted conditionally. It will be subject to finding CJA counsel available to accept the assignment who shall serve in a purely advisory capacity." [Docket No. 253].

    The Court appointed counsel later that day to represent Ryan in a standby capacity.

- On August 31, 2017, Ryan filed the instant motion to continue the trial for 6 months to allow standby counsel the opportunity to learn the case.

- On that same date, the Court held a final pre-trial conference. At that conference, standby counsel appeared and informed the Court that he was concerned that he could not effectively represent Ryan, even in a standby capacity, without knowing the facts of the case – a feat that would necessitate a continuance of the trial. Ryan informed the Court that (1) he wanted hybrid counsel, not standby counsel, *i.e.*, counsel who could work in tandem with Ryan to try the case; and (2) he needed a continuance so that such counsel could effectively work as hybrid counsel. Ryan expressed to the Court that he was not fit to represent himself at a trial in this matter. Dusten informed the Court that he did not oppose the motion for a continuance.

## ARGUMENT

The First Circuit has held that representation by counsel is a right of the highest order. *United States v. Proctor*, 166 F.3d 396, 402 (1st Cir. 1999). As such, a defendant's decision to represent himself at trial is not "a choice cast in stone." *Id.* Indeed, "the importance of representation by counsel makes us reluctant to deny the practical fulfillment of the right – even once waived – absent a compelling reason that will survive constitutional scrutiny. *Id; see also*

3

*United States v. Pollani*, 146 F.3d 269, 274 (5th Cir. 1998) (pro se defendant's conviction reversed where trial court declined his request to retain counsel three days prior to trial and, as such, defendant was deprived of his fundamental right to counsel).[3]

Nonetheless, the right to counsel – once waived – is not unqualified. It is within the district court's discretion "to refuse a defendant's request to withdraw from self-representation after a valid waiver if a defendant seeks counsel in an apparent effort to delay or disrupt proceedings on the eve of trial, or once trial is underway." *Id.; see also United States v. Woodard*, 291 F. 3d 95, 106-07 (1st Cir. 2002) (noting that the appeals court affords extraordinary deference to the district court's decision to deny motion for substitute counsel where such motion would necessitate a last-minute continuance).

The facts of this case are most closely analogous to those in *Pollani*. There, as here, the defendant knowingly and voluntarily waived his right to counsel and chose to represent himself. Here, even more so than in *Pollani*, the Court went out of its way to inform the defendant  - not only of the risks and potential consequences of representing himself - but of the Court's ability and willingness to appoint stand-by counsel. However, unlike *Pollani*, who first requested counsel days before trial, Ryan requested hybrid counsel two weeks prior to trial. The magistrate court granted the motion, in part, and appointed stand-by counsel – who has since informed the Court that without an understanding of the case, he is concerned he will be unable to provide effective assistance, even in a standby capacity.

While Ryan's motives in seeking hybrid counsel at this late date are not readily apparent, and while the government is ready for trial on September 6, 2017, it is not in the best interests of

---

[3] Notably, the Fifth Circuit affirmed the district court's denial of retained counsel's motion to continue the trial. *Id.* at 272-73.

4

the public to try this case more than once.[4]  Thus, in light of the fundamental nature of the right to counsel and the particular facts of this case,[5] the government does not oppose Ryan's request for a continuance.[6]

                                  Respectfully submitted,

                                  WILLIAM D. WEINREB
                                ACTING UNITED STATES ATTORNEY

                By:    /s/ *Karin M. Bell*
                         Karin M. Bell
                         Greg A. Friedholm
                         Assistant U.S. Attorneys
                         United States Attorney's Office
                         595 Main Street, Suite 206
                         Worcester, MA  01608

Date: September 1, 2017

---

[4] Should the Court grant Ryan's motion for a continuance, the government would request that the Court set a deadline, after which neither defendant may change the status of their respective counsel.  While not a guarantee that this Court will not fact another last minute request for counsel, such a deadline will, at the very least, put defendants on notice and provide them with a reasonable time to make an informed decision on this issue.

[5] The government is particularly persuaded by the fact that Dusten, who has, during the pendency of this case, filed motions for a Speedy Trial and for his release pending trial, has indicated that he is does not oppose a continuance.

[6] As in *Pollani*, this Court could appoint hybrid counsel but deny Ryan's request for a continuance.  Unlike in *Pollani*, however, Ryan cannot retain counsel and it is highly unlikely that any appointed counsel would agree to take on this matter as hybrid counsel if it is to be tried on September 6.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

I further certify that paper copies will be sent to defendants Ryan Miller and Dusten James Miller at the following addresses:

Ryan Miller
Inmate Number 43184-424
Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

Dusten James Miller
Inmate Number 51132-424
Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

/s/ Karin M. Bell
KARIN M. BELL
Assistant U.S. Attorney

Date: September 1, 2017